1  Benno Ashrafi, Esq. (CSBN 247623)
2  *bashrafi@weitzlux.com*
3  Josiah Parker, Esq. (CSBN 278703)
   *jparker@weitzlux.com*
4  WEITZ & LUXENBERG, P.C.
5  1880 Century Park East, Suite 700
   Los Angeles, California 90067
6  Telephone: (310) 247-0921
   Facsimile: (310) 786-9927
7
8  Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEITH GEMAEHLICH, an individual; and BETTY GEMAEHLICH, an individual; <br><br> Plaintiffs, <br> v. <br><br> AIR & LIQUID SYSTEMS CORPORATION, et al. <br><br> Defendants. | CASE NO.  3:22-cv-07518-CRB <br><br> **PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION** <br><br> Hearing Date: February 10, 2023 <br> Time: 10:00 a.m. <br> Place: Courtroom 6 (Via Zoom) <br> Judge: Hon. Charles R. Breyer <br><br> Initially Filed: October 20, 2022 <br> Case Removed: November 30, 2022 <br> Trial Date: None Set |

- 1 -                                         3:22-cv-07518-CRB

PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION TO REMAND FOR LACK OF SUBJECT MATTER JURISDICTION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs submit this late Reply and Notice of Crosby's withdrawal of its opposition to Plaintiffs' remand motion, in support of their request for remand.

As with Plaintiffs' request for this Court to dismiss John Crane from this case, which was ordered on December 17, 2022 (Docket No. 61), this Court should also dismiss Crosby. "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." (*Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001), citing *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir.1987); see also *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145–46 (9th Cir.1982).) "Legal prejudice" in this context means "prejudice to some legal interest, some legal claim, some legal argument." (*Westlands Water District v. U.S.*, 100 F.3d 94, 97 (9th Cir. 1996).) "Uncertainty because a dispute remains unresolved" or because "the threat of future litigation ... causes uncertainty" does not result in plain legal prejudice. (*Id.* at 96-97.) Also, plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal. (*Hamilton*, 679 F.2d at 145.)

Here, like John Crane, Crosby has stipulated to its dismissal, which was filed on January 9, 2023 as Docket No. 77.[1] Thus, it agrees that there would be no legal prejudice to it if this Court ordered its dismissal. Nor could there be any prejudice to any other defendant if Crosby was dismissed. Regardless of whether Crosby is a party to this case, the other defendants can still attempt to defray their responsibility for Plaintiffs' noneconomic damages at trial by claiming that Crosby shares some responsibility for Plaintiffs' injuries. (See California Civ. Code, § 1431.2.) In short, no defendant will suffer legal prejudice from Crosby dismissal. This Court should

---

[1] As part of the Stipulation, Crosby stipulated that its Opposition to Plaintiffs' Motion to Remand (Docket No. 74) would be deemed withdrawn.

therefore order it.

Should this Court dismiss Crosby, as argued in Plaintiffs' Remand Motion, there would be no basis for this Court to exercise supplemental jurisdiction of Plaintiffs' state law claims. (See, e.g., *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("[W]here all the federal claims have been dismissed before trial, the interests of judicial economy, convenience, fairness, and comity are no longer present, and a court generally should then decline to exercise jurisdiction over the remaining state law claims."); *Beverly v. Newport Beach Police Department* (C.D. Cal., Sept. 2, 2021, No. 821CV1277JGBSP) 2021 WL 4507476, at *2, citing *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Les Schockley Racing v. Nat'l Hot Rod Ass'n*, 884 F.2d 504, 509 (9th Cir. 1989); *Tyler-Mallery v. GMAC Mortg., LLC* (S.D. Cal., Aug. 31, 2010, No. 09CV2917 JAH JMA) 2010 WL 3463589, at *2 ("The balance of factors tips in favor of declining to exercise supplemental jurisdiction when federal claims have been dismissed from a lawsuit.").)

In short, this Court should dismiss Crosby as it did with and John Crane. Because they are the only parties that have raised defenses under federal law, the balance of factors weighs in favor of this Court declining to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. Remand is therefore appropriate. 28 U.S.C. § 1367(c).

Dated: January 9, 2023

Respectfully submitted,
WEITZ & LUXENBERG, P.C.

By: _____
BENNO ASHRAFI
JOSIAH PARKER
Attorneys for Plaintiff