IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH GEMAEHLICH, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORPORATION, et al.,<br><br>Defendants. | Case No. 22-cv-07518-CRB<br><br>**ORDER GRANTING MOTION TO REMAND** |

Plaintiffs Betty and Keith Gemaehlich (together, the "Gemaehlichs") bring this motion to remand their case back to Alameda Superior Court. See Mot. (dkt. 56). The Gemaehlichs' complaint alleges that Keith Gemaehlich's mesothelioma was caused, at least in part, by his work with and around products containing asbestos manufactured and supplied by various defendants, during his service in the U.S. Navy between 1960 and 1964. See Compl. (dkt. 1-1). Defendant John Crane Inc. ("JCI") removed the case to federal court, arguing that removal was proper under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), because "to the extent JCI supplied asbestos-containing basket and packing material" to the Navy, it did so "pursuant to military procurement contracts with the United States Government and in compliance with detailed design, testing, and labeling specifications issued and approved by the Government." Notice of Removal (dkt. 1) at 9.

Instead of arguing against removal on the merits, the Gemaehlichs stipulated to dismiss JCI from this action, which the Court granted. See dkts. 49, 61. Defendant

1    Crosby Valve then opposed the Gemaehlichs' motion to remand, similarly arguing that the
2    valves it supplied to the Navy at that time strictly conformed to the Navy's specifications.
3    See Opp'n (dkt. 74).  The Gemaehlichs then stipulated to dismiss Crosby Valve, which the
4    Court also granted.  See dkts. 77, 106.[1]  The Gemaehlichs therefore contend that, because
5    the two defendants who asserted removal jurisdiction have been dismissed,[2] the Court
6    should, in its discretion, decline supplemental jurisdiction over the state-law claims in this
7    action and remand the case back to Alameda Superior Court.  The Court agrees, and
8    finding this case suitable for resolution without oral argument under Civil Local Rule 7-
9    1(b), VACATES the hearing scheduled on April 21, 2023, and GRANTS the
10   Gemaehlichs' motion to remand.

11   "It is the general rule that an action may be removed from state court to federal
12   court only if a federal district court would have original jurisdiction over the claim in suit."
13   Jefferson County v. Acker, 527 U.S. 423, 430 (1999) (citing 28 U.S.C. § 1441(a)).  Under
14   this default rule, a federal defense does not generally qualify a case for removal.  Id. at
15   430–31.  This case, removed pursuant to the federal officer removal statute, constitutes an
16   exception to that "well-pleaded complaint" rule.  See 28 U.S.C. § 1442(a).  Under Section
17   1442(a)(1), an action may be removed by "any officer (or any person acting under that
18   officer) of the United States or of any agency thereof, in an official or individual capacity,
19   for or relating to any act under color of such office . . . ."  28 U.S.C. § 1442(a)(1).  "A
20   party seeking removal under § 1442 must demonstrate that (a) it is a 'person' within the
21   meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a
22   federal officer's directions, and plaintiff's claims; and (3) it can assert a 'colorable federal
23   defense.'"  Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1251 (9th Cir. 2006)
24   (quoting Acker, 527 U.S. at 431).

---

[1] In that stipulation, Crosby Valve also withdrew its opposition.  See dkt. 77.

[2] While other defendants have appeared and answered, no defendant (other than Crosby Valve) has opposed or otherwise responded to the Gemaehlichs' motion to remand, nor did any other defendant consent or join in JCI's initial notice of removal.  See Notice of Removal at 13.

1    Courts have recognized, however, that when the party asserting removal jurisdiction
2    is dismissed from the action, while the court retains jurisdiction over the pendent state-law
3    claims remaining in the action, it may exercise its discretion to remand the case back to
4    state court.  See 28 U.S.C. § 1367(c); Watkins v. Grover, 508 F.2d 920, 921 (9th Cir.
5    1974) (reversing and remanding a dismissal for lack of subject matter jurisdiction because
6    the federal defendants were dismissed, but instructing the district court on remand to
7    "decide whether to hear the suit on its merits or, in its discretion, to remand the suit to the
8    state court from which it was removed").  Particularly where "there has been no substantial
9    commitment of judicial resources to the nonfederal claims it is . . . akin to making the tail
10   wag the dog for the District Court to retain jurisdiction." Murphy v. Kodz, 351 F.2d 163,
11   167–68 (9th Cir. 1965) (internal quotation marks and citation omitted); see also Mellis v.
12   Asbestos Corp. Ltd., 13-cv-3449, 2013 WL 4805746, at *2 (N.D. Cal. Sept. 9, 2013)
13   (exercising its discretion to remand a similar case "[g]iven the early stage of this
14   litigation").

15   The Court exercises its discretion to remand this case back to Alameda Superior
16   Court.  The Gemaehlichs bring only state-law tort claims, which clearly "substantially
17   predominate" in this action.  See Compl.; 28 U.S.C. § 1367(c)(2).  The only two
18   defendants to assert removal jurisdiction have been dismissed.  See dkts. 61, 106.  Though
19   many other defendants have appeared in this case and might assert a federal officer
20   defense, none consented to JCI's removal, joined Crosby Valve's (now withdrawn)
21   opposition to remand, or filed their own oppositions to the Gemaehlichs' motion to
22   remand.  Because the party asserting removal jurisdiction bears "the burden of proving by
23   a preponderance of the evidence that the colorable federal defense and causal nexus
24   requirements have been met," see Leite v. Crane Co., 749 F.3d 1117, 1121–22 (9th Cir.
25   2014), and none of the other defendants have even sought to do so, the Court is not
26   inclined to retain jurisdiction on the off chance that another remaining defendant asserts a
27   federal officer defense at some point in the litigation.  Finally, the complaint was only filed
28   in state court in October and removed to this Court at the end of November.  Apart from

3

1  granting the parties' stipulations to dismiss JCI and Crosby Valve, this is the Court's first
2  action in this case.  Therefore, "there has been no substantial commitment of judicial
3  resources" to this case, and remand is proper under 28 U.S.C. § 1367(c).  <u>Murphy</u>, 351
4  F.2d at 167–68.

5       For the foregoing reasons, the Gemaehlichs' motion to remand is GRANTED.

6  **IT IS SO ORDERED.**

7  Dated: April 5, 2023



8  CHARLES R. BREYER
United States District Judge